IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DUSTIN WAYNE DEVAUGHN,     )  |  |
| )  |  |
| Plaintiff,           ) |  |
| ) |  |
| v.                            ) | CIVIL CASE NO. 2:24-cv-827-ECM |
| )  | [WO] |
| PNC BANK, *et al.*,              ) |  |
| ) |  |
| Defendants.         ) |  |

**O R D E R**

On December 20, 2024, Plaintiff Dustin Wayne DeVaughn ("DeVaughn") filed his complaint *pro se*, asserting that Defendants PNC Bank ("PNC") and Equifax Information Services, LLC ("Equifax") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by failing to reasonably investigate, accurately report, or correct allegedly erroneous information in DeVaughn's credit report.[1] (*See* doc. 1). While Equifax answered the complaint (doc. 15), PNC moved to dismiss the only claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6), (doc. 10). The Magistrate Judge, to whom the case was assigned at the time, ordered DeVaughn to respond and address PNC's arguments. (Doc. 12). Later, Attorney James Clark Webb IV appeared on DeVaughn's behalf and responded in opposition to the motion. (Doc. 17). PNC then replied. (Doc. 20).

---

[1] DeVaughn moves in his complaint for preliminary injunctive relief (doc. 1 at 29), which is due to be denied without prejudice. If DeVaughn still seeks a preliminary injunction, he is directed to refile the request as a standalone motion with an appropriate brief and evidence.

Upon review of the complaint, the parties' briefing, and relevant caselaw,[2] the Court agrees with many of the arguments raised in PNC's motion to dismiss. For example, PNC asserts that DeVaughn "has not identified the inaccurate or incomplete information that PNC allegedly provided" to the credit reporting agencies and that "[i]nstead, [DeVaughn's] [c]omplaint consists of vague allegations that *something* in the reporting was inaccurate, without ever describing what, exactly, was inaccurate or should be cured." (Doc. 10 at 10 (emphasis in original)). Additionally, PNC highlights that DeVaughn "has not alleged what could have been uncovered to show that the (unidentified and unknown) information was inaccurate." (*Id.*). Because DeVaughn's allegations are insufficient to plausibly state a claim against PNC under the FCRA, PNC's motion to dismiss is due to be granted.[3]

However, the complaint was drafted *pro se*, and DeVaughn has since acquired representation.[4] Further, the Court cannot discern whether it would be futile to permit DeVaughn to amend his complaint. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (recognizing that "(1) where there has been undue delay, bad faith, dilatory motive,

---

[2] To succeed on an FCRA claim against a furnisher, like PNC, a plaintiff must (1) "identify inaccurate or incomplete information that the furnisher provided to the reporting agency" and (2) "point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (citing *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023)).

[3] PNC argues that "a furnisher's duties under § 1681s-2(b) only apply after a [*credit reporting agency*] notifies the furnisher" of a dispute. (Doc. 10 at 7 (emphasis added)). There is caselaw and statutory language to suggest PNC is correct. *See, e.g., Rice v. JPMorgan Chase Bank NA*, 2014 WL 3889472, at *5 (N.D. Ala. Aug. 5, 2014) (citing 15 U.S.C. § 1681s-2(b)(1)). But in two recent published opinions, the Eleventh Circuit has said that consumers may dispute the accuracy of information in their credit reports either "(1) directly with the furnisher or (2) indirectly with the credit reporting agency." *Holden*, 98 F.4th at 1366 (quoting *Milgram*, 72 F.4th at 1217); *see also* 12 C.F.R. § 1022.43.

[4] In his response, DeVaughn "reserves the right to amend his [c]omplaint." (Doc. 17 at 2, para. 8).

2

or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile," a district court need not allow amendment). There is no indication that DeVaughn has acted in bad faith, or that granting him an opportunity to amend his complaint would unduly prejudice PNC. Accordingly, the Court will dismiss DeVaughn's claim against PNC without prejudice.

For the reasons stated above, and for good cause, it is

ORDERED as follows:

1. DeVaughn's motion for a preliminary injunction (doc. 1) is DENIED without prejudice.

2. PNC's motion to dismiss (doc. 10) is GRANTED and the claim against it is DISMISSED without prejudice.

3. **On or before August 29, 2025**, DeVaughn may file an amended complaint as a separate docket entry in compliance with this Court's local rules. *See* M.D. Ala. LR 15.1.

DONE this 15th day of August, 2025.

                                        /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE